**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**DARIUS HARRISON,**

     Petitioner,     05 Civ. 5953 (JGK)

  - against -         **MEMORANDUM OPINION**
                    **AND ORDER**
**JOSEPH T. SMITH,**

     Respondent.
_____

**JOHN G. KOELTL, District Judge:**

  The petitioner moves to stay this petition while he presents a claim of ineffective assistance of counsel to the state courts. That claim is not included in the present petition. The respondent agrees that the claim is unexhausted in the state courts. If the claim is exhausted in the state court and is not successful, the petitioner would seek the opportunity to amend the current petition to add the claim of ineffective assistance of counsel.

  By letter dated February 27, 2007, the respondent does not object to staying the current petition while the petitioner exhausts his claim of ineffective assistance of counsel in the state courts and points out that the petitioner could file a motion pursuant to New York Criminal Procedure Law Article 440 to raise the claim. Staying a petition to allow the exhaustion of a claim in state court is permissible where there is a showing of good cause for having failed to raise the claim, the

1

claim is potentially meritorious, and thee is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005); <u>Vasquez v. Parrott</u>, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).  In view of the unsuccessful efforts by the petitioner to have his state appellate counsel raise this issue in state court, and the respondent's lack of opposition, the Court will stay the current petition to provide the petitioner the opportunity to raise the ineffective assistance of trial counsel claim in state court by any appropriate motion.

The petition is therefore **stayed** for 30 days to permit the petitioner the opportunity to make an appropriate motion in state court claiming that his trial counsel was ineffective.  If the petitioner makes such a motion within that time, the petition will remain stayed until 30 days after the decision on the petitioner's state court motion becomes final, including any appellate review including a petition for certiorari to the Untied States Supreme Court, or the time to file any such appellate review has passed.  <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir. 2001) (endorsing 30 day periods to initiate state proceedings and to return to the district court after exhaustion is completed); <u>see also</u> <u>Rhines</u>, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back.").  The parties should advise the

Court when any time limit has passed such that the petition should no longer be stayed.

SO ORDERED.

Dated: New York, New York
May 2, 2007

                                          John G. Koeltl
                                   United States District Judge

3