USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIUS HARRISON,

                Petitioner,         05 Civ. 5953 (JGK)

    - against -                  MEMORANDUM OPINION
                                            AND ORDER
JOSEPH T. SMITH,

                Respondent.

JOHN G. KOELTL, District Judge:

    In a submission dated April 30, 2008, the petitioner requests that this Court stay this petition while he presents a claim of ineffective assistance of appellate counsel to the state courts. That claim is not included in the present petition. The respondent agrees that the claim is unexhausted in the state courts. If the claim is exhausted in the state court and is not successful, the petitioner would seek the opportunity to amend the current petition to add the claim of ineffective assistance of counsel.

    By letter dated June 2, 2008, the respondent does not object to staying the current petition while the petitioner exhausts his claim of ineffective assistance of appellate counsel in the state courts and points out that the petitioner could file a writ of error coram nobis in the Appellate Division to raise the claim. Staying a petition to allow the exhaustion of a claim in state court is permissible where there is a

1

showing of good cause for having failed to raise the claim, the claim is potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005). In view of the nature of the proposed additional claim and the respondent's lack of opposition, the Court will stay the current petition to provide the petitioner the opportunity to raise the ineffective assistance of appellate counsel claim in state court by any appropriate motion.

The petition is therefore **stayed** for 30 days to permit the petitioner the opportunity to make an appropriate motion in state court claiming that his appellate counsel was ineffective. If the petitioner makes such a motion within that time, the petition will remain stayed until 30 days after the decision on the petitioner's state court motion becomes final, including any appellate review including a petition for certiorari to the United States Supreme Court, or the time to file any such appellate review has passed. Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (endorsing 30 day periods to initiate state proceedings and to return to the district court after exhaustion is completed); see also Rhines, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back."). The parties should advise the

Court when any time limit has passed such that the petition should no longer be stayed.

SO ORDERED.

Dated: New York, New York
June 2, 2008

_____
John G. Koeltl
United States District Judge