**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**DARIUS HARRISON,**

             **Petitioner,**

    - against -                      **05 Civ. 5953(JGK)**

**JOSEPH T. SMITH,**                    **MEMORANDUM OPINION AND**
                                                                **ORDER**

             **Respondent.**

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to vacate his judgment of conviction. After a jury trial in New York State Supreme Court, Bronx County, the petitioner was convicted of one count of criminal possession of a controlled substance in the first degree. On April 3, 2000, he was sentenced to an indeterminate sentence of fifteen years to life. On March 30, 2007, pursuant to New York's Drug Law Reform Act of 2004, the petitioner was resentenced to a determinate term of sixteen years imprisonment.

    The petitioner argues in his petition that (1) the introduction of illegally seized evidence at trial violated his rights under the Fourth Amendment to the United States Constitution; (2) he was improperly cross-examined regarding his prior drug convictions, depriving him of his right to due process under the Fourteenth Amendment to the United States

Constitution; (3) he was denied effective assistance of trial counsel; and (4) he was denied effective assistance of appellate counsel.

The Court has received and reviewed the July 14, 2011, Report and Recommendation by Magistrate Judge Maas, which recommends that the petition be denied.  The Court has also received the petitioner's objections to the Report and Recommendation, which objects to the Magistrate Judge's conclusions that (1) the petitioner was given a full and fair opportunity to litigate his claims regarding the evidence that was introduced, (2) cross-examination of the petitioner regarding his prior drug conviction was not in violation of "clearly established federal law," (3) the petitioner's claim of ineffective assistance of trial counsel is procedurally barred, and (4) the petitioner's appellate counsel's decision not to raise the issue of ineffective assistance of trial counsel did not constitute ineffective assistance of counsel.  The petitioner asks that his petition for a writ of habeas corpus be granted.

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has reviewed <u>de novo</u> the Magistrate Judge's disposition of the petitioner's claims.  For the reasons explained below and in the Magistrate Judge's

thorough Report and Recommendation, the Court finds that the objections are unfounded, and the Court adopts the Magistrate Judge's Report and Recommendation.

## I.

The petitioner objects to the Magistrate Judge's finding that the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim sufficient to bar reexamination of the claim on habeas review. The petitioner argues that he was the subject of an unconstitutional search and seizure and the evidence subsequently introduced against him should have been suppressed as a violation of the Fourth Amendment to the United States Constitution.

"Federal habeas corpus relief is not available on the ground that evidence produced at trial was the result of an unconstitutional search and seizure, unless the state denied the prisoner an opportunity for full and fair litigation of the claim." Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991) (citing Stone v. Powell, 428 U.S. 465 (1976)). To demonstrate that he was denied a full and fair opportunity to litigate his Fourth Amendment claim, the petitioner must show either (a) "the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has

3

provided a corrective mechanism...the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977 (en banc)).

As Magistrate Judge Maas correctly concluded, the petitioner has demonstrated neither a lack of corrective procedures nor an unconscionable breakdown in the underlying process. (Report and Recommendation at 19-21.) The corrective procedures were adequate. The petitioner litigated his Fourth Amendment claim pursuant to Section 710 of the New York Criminal Procedural Law. "[F]ederal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. § 710.10 et seq. (McKinney 1984 & Supp.1988), as being facially adequate." Capellan, 975 F.2d at 70 n.1 (citations omitted).

Although the petitioner was denied a suppression hearing, the absence of a suppression hearing, in and of itself, does not rise to the level of an "unconscionable breakdown" in the underlying process sufficient to deprive the petitioner of a full and fair opportunity to litigate. See Cimino v. Conway, 08 Civ. 6318, 2011 WL 815677, at *9 (W.D.N.Y. Mar. 2, 2011); Small

v. Artus, No. 07 Civ. 1117, 2009 WL 2707319, at *13 (E.D.N.Y. Aug. 20, 2009).

Rather than introduce evidence to demonstrate an unconscionable breakdown in the underlying process, the petitioner reargues the merits of his Fourth Amendment claim. "[M]ere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Capellan, 975 F.2d at 72.  Therefore, the petitioner's objection to the rejection of his Fourth Amendment claim is overruled.

## II.

The petitioner objects to the Magistrate Judge's finding that the petitioner's right to Due Process under the Fourteenth Amendment to the United States Constitution was not violated by the trial court's decision to allow the prosecution to cross-examine him regarding a prior drug conviction.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  Instead, the Court examines whether the admission of the evidence in question so violated the petitioner's Due Process right as to require the grant of a writ of habeas corpus.  See Estelle, 502 U.S. at 68.

5

In his Report and Recommendation, the Magistrate Judge concluded that no relief could be granted for the alleged error in question because the United States Supreme Court has not yet clearly established "when the admission of prior crimes under state evidentiary laws can constitute a federal due process violation."  (Report and Recommendation at 22 (citation omitted.))  Therefore, the Magistrate Judge concluded, it could not be said that the decision to allow cross-examination of the defendant with respect to his prior convictions for attempted criminal sale of controlled substance was "contrary to" or an "unreasonable application of" clearly established federal law.  Therefore, the petitioner's claim was not a basis for habeas relief pursuant to 28 U.S.C. § 2254(d)(1).  (Report and Recommendation at 14-15, 23.)

The petitioner objects, and claims that the limited cross-examination regarding his prior drug convictions was prejudicial because it led the jury to believe that the petitioner had a propensity for drug dealing.  The petitioner never responds to the Magistrate Judge's conclusion that allowing impeachment of the defendant with respect to a prior narcotics conviction was not "contrary to" or an "unreasonable application of" clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  The petitioner

6

points to no decisions of the Supreme Court that would have precluded the cross examination.

It is true that a state court's evidentiary ruling may rise to the level of a Due Process violation, but only if it rendered the trial so fundamentally unfair that it denies the defendant his right to Due Process as guaranteed by the Constitution. See Estelle, 502 U.S. at 75; Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985); Allaway v. McGinnis, 301 F. Supp. 2d 297, 300 (S.D.N.Y. 2004).

In this case, the trial judge determined that the prosecution could cross-examine the petitioner about his prior felony conviction for attempted criminal sale of a controlled substance, but could not elicit the degree of the felony. (Hr'g Tr. 12-13, Feb. 8, 2000.) The trial judge also allowed cross-examination of the petitioner's prior misdemeanor conviction, failure to appear in court, as well as the violation of a court order directing him to appear in court. (Hr'g Tr. 12-15, Feb. 8, 2000.) In making his ruling, the trial judge balanced the interests of both parties, examined the nature of the previous convictions and bad acts, the extent to which the evidence in question weighed on the petitioner's credibility, the evidence's prejudicial effect, and determined that the prejudice did not

outweigh the evidence's probative value.  (Hr'g Tr. 12-15, Feb. 8, 2000.)

Moreover, during the trial judge's charge to the jury, he specifically instructed them that any evidence of the petitioner's prior crimes or bad acts "may not be considered by the jury as demonstrating any propensity or tendency [of the petitioner] to commit the crimes charged or any other crimes." (Trial Tr. vol. 4, 346-47, Feb. 10, 2000.)  The jury is presumed to have understood and followed these instructions.  Zafiro v. United States, 506 U.S. 534, 540 (1993).  Accordingly, the petitioner has failed to show that the evidentiary ruling denied him Due Process as guaranteed by the Fourteenth Amendment.

### III.

The petitioner objects to the Magistrate Judge's finding that his ineffective assistance of trial counsel claim was procedurally barred from habeas review.

A federal court is precluded from reviewing a claim if the state court's prior denial of that claim rested on an adequate and independent state law ground.  See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (citations omitted); Williams v. Artus, 691 F. Supp. 2d 515, 524 (S.D.N.Y. 2010).  The state court found that the petitioner procedurally defaulted on his ineffective

assistance of trial counsel claim under CPL § 440.10(2)(c), by failing to raise the claim on direct appeal, despite having had the opportunity to do so.  (Opinion of Jan. 22, 2008 ("Marcus Opinion"), Whetstone Decl. Ex. 4, at 13-15.)  A New York court's ruling on CPL § 440.10(2)(c) grounds constitutes an adequate and independent state law ground.  See Clark v. Perez, 510 F.3d 382, 393 (2d Cir. 2008); Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003).

The petitioner could only avoid procedural default by showing (a) both cause for the default and actual prejudice resulting from a violation of federal law; or (b) that failure to consider his claims will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  Cause for default must be based on some circumstance external to the defense which prevented the petitioner from raising the claim.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  While examples of such cause do include attorney error, "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default...."  Murray, 477 U.S. at 492; see also Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001).  Prejudice must be based on a showing that a prior failure to raise a claim has a substantial injurious effect on the case.  Murray, 477 U.S. at 494.  To allege a fundamental miscarriage of justice,

the petitioner must establish proof of actual innocence. Coleman, 501 U.S. at 748-50. The Magistrate Judge implicitly concluded that the petitioner had failed to demonstrate either cause and prejudice or actual innocence to excuse his failure to comply with the state procedural rule, because the Magistrate Judge concluded that this claim was procedurally defaulted. (Report and Recommendation at 17-19.) Nevertheless, the Magistrate Judge did consider the merits of the claim of ineffective assistance of trial counsel because that was part of the claim of ineffective assistance of appellate counsel which was not procedurally defaulted. (Report and Recommendation at 17-19.)

The petitioner objects to the finding of procedural default and argues that he should not have been procedurally barred by CPL § 440.10(2)(c) because he attempted to raise the issue of ineffective assistance of trial counsel on direct appeal at the earliest time possible. (See Obj. 18-20.) The petitioner claims that he asked his appellate counsel to raise the issue of ineffective assistance of trial counsel and, when his attorney would not cooperate, he attempted to submit a supplemental brief raising the issue pro se. (See Obj. 18-20.) The Appellate Division denied the petitioner's request to submit the supplemental brief. Despite the petitioner's attempts at

10

raising the issue of ineffective assistance of trial counsel, the procedural bar still applies because, as explained below, the failure to raise the issue of ineffectiveness of trial counsel did not rise to the level of ineffective assistance of appellate counsel.  Appellate counsel's decision not to raise the issue did not amount to cause excusing the procedural default.  See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (holding counsel may decide what issues to present to the court); see also People v. White, 539 N.E.2d 577, 581-83 (N.Y. 1989) (holding defendant has no right to submit a pro se supplemental brief if dissatisfied with the issues counsel has decided to raise on appeal).

    The petitioner has not demonstrated that there existed cause and prejudice or that he was actually innocent.  The argument regarding the ineffective assistance of trial counsel is barred by the adequate and independent state ground of CPL § 440.10(2)(c).  Accordingly, the petitioner cannot directly argue the ineffectiveness of his trial counsel on collateral review.  In any event, however, as the Magistrate Judge correctly concluded, the petitioner has failed to show that he received ineffective assistance of trial counsel, which is the cornerstone for his argument of ineffective assistance of appellate counsel.

11

**IV.**

The petitioner objects to the Magistrate Judge's finding that his appellate counsel was not ineffective.  The petitioner contends that the New York State Supreme Court Appellate Division, First Department, unreasonably applied federal law in denying him coram nobis relief based on his claim of ineffective assistance of appellate counsel for his appellate counsel's failure to raise the ineffectiveness of his trial counsel.

In considering the petitioner's argument, there are several levels of deference.  First, in considering the claim, the Court may grant relief only if the state court, here the First Department, rendered a decision that "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2);  see also Vega v. Walsh, 669 F.3d 123, 126 (2d Cir. 2012).

Second, in assessing a claim that a habeas petitioner has been denied the effective assistance of counsel to which he is entitled under the Sixth Amendment, the Court applies the standard established by Strickland v. Washington, 466 U.S. 668 (1984).  "Establishing that a state court's application of

12

Strickland was unreasonable under § 2254(d) is . . . more difficult" than a claim on direct appeal under Strickland because both standards are "highly deferential." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citation omitted). Under Strickland, the petitioner must meet a two-pronged test: (1) he must show that counsel's performance was so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," 466 U.S. at 690; and (2) he must show "that the deficient performance prejudiced the defense," id. at 687, in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694; see also Aparicio, 269 F.3d at 95 (applying Strickland standard to claim of ineffective assistance of appellate counsel). Because Strickland's general standard has a substantial range of reasonable applications, the question under § 2254(d) is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied Strickland's deferential standard. See Harrington, 131 S. Ct. at 785-87. The petitioner has not met that burden.

The petitioner argues that his appellate counsel's performance was deficient because his appellate counsel did not

13

raise the issue of the ineffectiveness of his trial counsel, and that the failure to raise the ineffectiveness of his trial counsel prejudiced the petitioner's defense.  As the Magistrate Judge recognized, analyzing whether it was deficient for the petitioner's appellate counsel to fail to raise the ineffectiveness of his trial counsel requires analyzing the viability of the claim that the petitioner's trial counsel was himself ineffective.  (Report and Recommendation at 19.) Appellate counsel "is not obliged to advance every nonfrivolous argument that could be made . . . . [Strickland] created only an 'objective standard of reasonableness' for the assessment of attorney performance.  In making that assessment we must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and be watchful to 'eliminate the distorting effects of hindsight.'"  Aparicio, 269 F.3d at 95 (citing Strickland, 466 U.S. at 689).

**A.**

   The Magistrate Judge found that, given the facts of the case, the petitioner's trial counsel acted reasonably in his strategic decision-making on the motion to suppress.  (Report and Recommendation at 24-27.)  The petitioner objects and

14

contends that his trial counsel was ineffective because (a) he omitted crucial facts that would have demonstrated the petitioner's standing to suppress the drug evidence that he allegedly abandoned in his flight from the police, and (b) had his trial counsel argued that the police lacked reasonable suspicion to approach the defendant, the drug evidence would have been suppressed.  (See Obj. at 1, 10).

When alleging that an attorney was deficient regarding a motion to suppress, the petitioner must show that (1) a competent attorney would have made the proper motion, (2) that the motion would have been granted and (3) that the outcome of the petitioner's trial would have been different.  See Lopez v. Grenier, 323 F. Supp. 2d 456, 472 (S.D.N.Y. 2004).  As the Magistrate Judge recognized, for the motion to suppress to have been successful, the defendant would have had to admit to possessing the drugs to establish standing.  (Report and Recommendation at 24-27.)  Without an admission of possession by the defendant, the argument that the petitioner urges, that the police violated his Fourth Amendment rights by approaching him without reasonable suspicion, would not have resulted in the suppression of the evidence, because if the petitioner did not have a "possessory interest" in the drugs, he had no standing to object to their seizure.  See United States v. Salvucci, 448

U.S. 83, 90-93 (1980); People v. Ponder, 429 N.E.2d 735, 737 (N.Y. 1981).  There was no other plausible basis for standing such as an expectation of privacy in the place where the drugs were found because they were abandoned on the street.  See People v. Gomez, 492 N.E.2d 778, 779 (N.Y. 1986).

Had the defendant admitted to possession for the purposes of the suppression motion, his trial strategy of denying possession would have been ruined.  The admission of possession would have been used against the defendant on cross-examination after he testified to having never possessed the drugs.  (Report and Recommendation at 24-26; see also Marcus Opinion at 18 (finding "a personal admission by the defendant of possession in the motion papers would have doomed his trial defense").)  See United States v. Jaswal, 47 F.3d 539, 543 (2d Cir. 1995) ("Prior inconsistent suppression hearing testimony may properly be used to impeach a defendant during trial.") Therefore, because these decisions were reasonable strategic choices, counsel's failure to argue that the police lacked reasonable suspicion, and failure to argue that the defendant possessed the drugs, did not rise to the level of ineffective assistance of counsel.

The petitioner further objects and argues that his trial counsel was ineffective because he failed to object to the state's abandonment theory on the grounds that the seizure of

16

the drugs was tainted because the police lacked reasonable suspicion to stop him at the outset. The Magistrate Judge concluded that the motion to suppress could not have been granted because the petitioner abandoned the drugs prior to his seizure. (Report and Recommendation at 21-22, 25-26 (citations omitted).) The petitioner's objection is without merit. Under federal law, the petitioner was not seized until he was physically restrained. See California v. Hodari D., 499 U.S. 621, 626 (1991); United States v. Baldwin, 496 F.3d 215, 218 (2d Cir. 2007). Similarly, the trial court reasonably found that under New York law, the seizure of the property was lawful because it was the result of an independent act of abandonment. (Marcus Opinion at 19.) See People v. Curtis, 813 N.Y.S.2d 434, 435 (App. Div. 2006) (the "defendant's independent act of discarding the cocaine during the foot chase was a strategic, calculated decision and not a spontaneous reaction to the police activity"). Moreover, as the Magistrate Judge found, the petitioner's argument could not have resulted in the suppression of the drugs because he had no standing to object to that seizure (Report and Recommendation at 27.)

The petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled. It was not unreasonable for the state court to hold that the failure of the

petitioner's trial counsel to object on the grounds the petitioner claims did not rise to the level of ineffective assistance of counsel.

**B.**

The Magistrate Judge found that because the petitioner's trial counsel did not provide ineffective assistance of counsel, the petitioner's appellate counsel's decision not to assert an ineffective assistance of trial counsel claim on appeal was not ineffective assistance of appellate counsel. (Report and Recommendation at 28.) The petitioner objects on the ground that his appellate counsel was deficient because he omitted arguing an issue that "obviously would have resulted in a reversal," namely the ineffective assistance of the petitioner's trial counsel. However, the petitioner's trial counsel was not ineffective. Because the trial counsel was not ineffective, the Magistrate Judge was correct in concluding that the appellate counsel was similarly not ineffective for failing to bring a claim of ineffective assistance of trial counsel. (Report and Recommendation at 28 (citing Larrea v. Bennett, 368 F.3d 179, 183-84 (2d Cir. 2004).) Furthermore, given the highly deferential standard on collateral review, it cannot be said that the state court's decision that there had been no

ineffective assistance of appellate counsel was "contrary to" or an "unreasonable application of" clearly established federal law.

## Conclusion

The objections to the Report and Recommendation of Magistrate Judge Maas are overruled, and the petition for a writ of habeas corpus is **denied**. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of the denial of a constitutional right. **The Clerk of the Court is directed to enter judgment denying the petition and closing this case.**

SO ORDERED.

Dated:  New York, New York
        August 31, 2012

_____
John G. Koeltl
United States District Judge